UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAL-MOR-USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OMNI FINANCIAL LLC; FIRST 100 LLC,<br><br>Defendants. | Case No. 2:17-cv-02280-RFB-CWH<br><br>**ORDER** |

## I. INTRODUCTION

Before this Court comes Plaintiff Kal-Mor-USA, LLC ("Plaintiff" or "Kal-Mor")'s Motion to Remand to State Court, (ECF No. 11) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 14). For the reasons stated below, the Court defers judgment on Plaintiff's Motion to Remand and denies without prejudice Plaintiff's Partial Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff filed its Complaint in state court on June 19, 2017. (ECF No. 1-1). Plaintiff alleges the following causes of action: (1) breach of contract, against Defendant First 100 LLC ("First 100"); (2) breach of implied covenant of good faith and fair dealing, against First 100; (3) negligent misrepresentation, against First 100; (4) declaratory relief, against all Defendants; (5) quiet title, against all Defendants; (6) unjust enrichment, against Defendant Omni Financial LLC ("Omni"); (7) conversion, against Omni; (8) slander of title, against Omni; (9) intentional interference with contractual relations, against Omni; and (10) injunctive relief, against Omni. Omni filed a Petition for Removal before this Court on August 28, 2017. (ECF No. 1). Omni contends that the Court has subject matter jurisdiction "because this Court retained jurisdiction to hear any further proceedings between these parties when a prior action [First 100 LLC v. Omni Financial et al.,

Case No. 2:16-cv-00099] involving these same parties was dismissed pursuant to stipulation." (ECF No. 1 at 2). Omni also contends that the Court had diversity jurisdiction over the prior action, and that the Court has original jurisdiction under 28 U.S.C. § § 1332(a), 1441(a), and 1446. On September 13, 2017, Omni filed its Statement of Removal. (ECF No. 7). Omni asserted the same bases for jurisdiction. On September 27, 2017, Plaintiff filed the instant Motion to Remand. (ECF No. 11). Attached to the Motion to Remand are several exhibits, including an Acceptance of Service on behalf of First 100, dated July 6, 2017 (ECF No. 11 at 16) and an Acceptance of Service on behalf of Omni, dated August 6, 2017 (ECF No. 11 at 18). Omni filed a Response on October 12, 2017. (ECF No. 17). Plaintiff filed its Reply on October 20, 2017. (ECF No. 18). Plaintiff filed the instant Motion for Partial Summary Judgment on October 1, 2017. (ECF No. 14). Omni filed its Response on October 25, 2017. (ECF No. 20). On November 13, 2017, Plaintiff filed its Reply. (ECF No. 21).

This case was transferred to this Court on September 25, 2017, as the transferring judge and the undersigned judge found that there existed common questions of law or fact shared with the instant matter and a prior case, First 100 LLC v. Omni Financial et al., Case No. 2:16-cv-0099-RFB-CWH ("First 100"). A third related action, Kal-Mor-USA, LLC v. Omni Financial, LLC et al., Case No. 2:16-cv-00109-RFB-GWF ("Kal-Mor") was also previously before this Court. In Kal-Mor, the Court entered an Order granting a Stipulated Judgment, the content of which is not before the Court in this matter. (2:16-cv-00109-RFB-GWF, ECF No. 58). The Court also entered an Order granting a Stipulated Judgment in First 100, which referred to the Kal-Mor action and addressed Plaintiff as a party to the Stipulated Judgment. (2:16-cv-0099-RFB-CWH, ECF No. 240). The Court held a hearing on these motions on July 2, 2018, and took the matter under submission.

**III.  LEGAL STANDARDS**

    **A. Motion to Remand**

28 U.S.C. § 1332(a) grants district courts original jurisdiction over actions where the matter in controversy is greater than $75,000, provided there is complete diversity. A defendant may

1 remove to federal court a case initially filed in state court if the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). When a case is removed solely pursuant to 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal. 28 U.S.C. § 1446(b)(2).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

### B. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007).

### IV. DISCUSSION

#### A. Defective Removal

Plaintiff first argues that the Court should remand because First 100 has not consented to removal, as required by 28 U.S.C. § 1441. Plaintiff contends that the failure to follow this "unanimity rule" renders removal under § 1441 procedurally defective, and relies on Proctor v. Vishay Intertechnologies Incorporated. 584 F.3d 1208 (9th Cir. 2009). Omni argues that First 100,

by signing the Stipulated Judgment in the prior action, consented to the Court retaining jurisdiction over future disputes and therefore consented to removal of any future disputes.

The Court finds that there is a procedural defect in the removal – namely, First 100's lack of consent. The Court finds that, pursuant to Proctor, the Ninth Circuit requires either an inclusion in the Notice of Removal that all defendants consent to the removal, or some other indicia in a non-removing defendant's filings that she consents to removal. The Court does not agree with Omni that First 100's signature on the Stipulated Judgment in the prior case is sufficient for consent in this case. The Court finds that the consent must be explicit as to removal since such a strict requirement is consistent with the "strict" construction applied to removal. HSBC Bank Nev., N.A., 761 F.3d at 1034.

However, the Court does not necessarily have to remand the case in light of a defect. Even if all properly served defendants have not joined in a petition for removal, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) (citation omitted); see also Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002) ("'[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.'"). Pursuant to 28 U.S.C. § 1653, allegations of jurisdiction that suffer from defect may be amended.

The Court now orders First 100 to file a notice of consent or non-consent to removal, within *one week* of the date of entry of this Order. Failure to cure this defect will result in the case being remanded to state court.

**B. Subject Matter Jurisdiction**

Assuming that the procedural defect discussed above is cured, the Court finds that it has the obligation to ensure that it has subject matter jurisdiction. In Kal-Mor's view, the Court cannot use the Stipulated Judgment entered in First 100 as a basis for jurisdiction in the instant case. Kal-Mor argues that it was not a party to the Settlement Agreement reached in that case, and that the subject matter of the instant case was expressly carved out of the settlement and also was not included in the Stipulated Judgment. In response, Omni contends that the language of the

Stipulated Judgment entered in First 100 was intended to cover the dispute at issue in this case.

The Court first finds that parties can neither stipulate to nor waive subject matter jurisdiction. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citing Janakes v. U.S. Postal Serv., 768 F.2d 1091, 1095 (9th Cir. 1985)). However, in its Petition for Removal and Statement Regarding Removal, Omni pleads complete diversity, which Plaintiff does not contest. While the Complaint, Petition for Removal, and Statement of Removal are not clear as to the citizenship as to each party, the Court recognizes that Kal-Mor represented at the hearing that it does not dispute diversity and believes that it is diverse from both Defendants. The Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted). Therefore, the Court orders Omni to file a submission on the issue of the Court's diversity jurisdiction ***one week*** after First 100 files its consent to removal. If First 100 does not consent to removal, then this requirement would be unnecessary as the case would be remanded.

If diversity jurisdiction is properly established, the case may remain before this Court. The Court's entry of Stipulated Judgment in First 100 is insufficient to establish jurisdiction. The Court does not interpret its prior Order to do so, and did not intend to do so when it indicated that it would retain jurisdiction over future disputes. However, given this Court's familiarity with issues in this case, the Court will retain jurisdiction over this case if the parties can establish diversity jurisdiction.

For these reasons, the Court defers ruling on the Motion to Remand until First 100's filing regarding consent to removal.

### C. Plaintiff's Partial Motion for Summary Judgment

The Court notes that no discovery has taken place in this case, and a Scheduling Order has not yet been entered. The Court does not find it appropriate to consider Plaintiff's Partial Motion for Summary Judgment at this stage of the proceedings, as other issues may arise in the course of discovery which would properly be the subjects of future motions for summary judgment. The Court does not ordinarily permit multiple rounds of dispositive motion practice. Therefore, the Partial Motion for Summary Judgment is denied without prejudice.

## V. CONCLUSION

**IT IS ORDERED** that Defendant First 100 is directed to submit a notice of consent or non-consent to removal **within one week** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Omni is directed to file a submission establishing diversity jurisdiction **one week** after First 100 files its consent to removal. If First 100 does not consent to removal, then this case will be remanded and Omni will not be required to file a submission on diversity jurisdiction.

**IT IS FURTHER ORDERED** that a ruling on Plaintiff's Motion to Remand (ECF No. 11) is DEFERRED.

**IT IS FURTHER ORDERED** that Plaintiff's Partial Motion for Summary Judgment (ECF No. 14) is DENIED WITHOUT PREJUDICE.

DATED July 3, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**